859 F.2d 152
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jesse Eugene HARRIS, Plaintiff-Appellant,
v.
Fate THOMAS; Pamela Larkins, Defendants-Appellees.
 No. 88-5418.
 United States Court of Appeals, Sixth Circuit.
 Sept. 26, 1988.
 
 Before BOYCE F. MARTIN, Jr. and DAVID A. NELSON, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Plaintiff Harris moves for pauper status on appeal from the district court's order dismissing this prisoner's civil rights case, seeking injunctive and declaratory relief under 42 U.S.C. Sec. 1983. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Harris was granted pauper status in the district court. When a plaintiff receives pauper status in the district court, the plaintiff automatically receives pauper status on appeal. Fed.R.App.P. 24(a). Therefore, the motion for pauper status on appeal will be denied as unnecessary.
 
 
 3
 Although Harris was a prisoner at the Criminal Justice Center in Nashville, Tennessee, he is no longer incarcerated at that facility. In his complaint, Harris alleges that he was denied his right of access to the courts when the defendants, officials at the Center, prevented him from receiving legal documents from the federal district court in Nashville.
 
 
 4
 The case was referred to a magistrate who held an evidentiary hearing to determine if the complaint was frivolous under 28 U.S.C. Sec. 1915(d). The magistrate concluded, inter alia, that under City of Los Angeles v. Lyons, 461 U.S. 95 (1983), Harris lacks standing to pursue the equitable relief requested. In Lyons, the Supreme Court held that in section 1983 actions "[t]he equitable remedy is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again--a 'liklihood of substantial and immediate irreparable injury.' " Id. at 111 (citations omitted). After considering Harris's objections, the district court adopted the magistrate's report and dismissed the case.
 
 
 5
 We agree with the judgment of the district court. Accordingly, the motion for pauper status is denied as unnecessary. The order of the district court is affirmed under Rule 9(b)(1), Rules of the Sixth Circuit, because the appeal is not within the jurisdiction of this court.